## WILSON, Appellant, v. REDDICK, Respondent.

St. Louis Court of Appeals, April 28, 1908.

APPELLATE PRACTICE: Weight of Evidence: Conclusiveness of Finding of Trial Court. In an action of replevin, where the evidence was conflicting as to the ownership of the property sued for and no declarations of law were given or refused, a verdict for the defendant will not be disturbed.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*K. C. Spence, N. A. Mozley* and *Ralph Wammack* for appellant.

*Andrew W. Hunt* for respondent.

GOODE, J.—Action of replevin for seven books containing abstracts of title to lands in Stoddard county. One of the books is described as the "Walter Phelan Abstract Book," another as the "Red Book," another as the "Red Book" containing the Index to Deeds of Trust, and four small "Tab Books." An examination of the record and briefs shows there is no question raised on the appeal except the title of plaintiff to the books on the evidence. But the evidence is highly contradictory and we are bound by the finding of the court below. According to the testimony for defendant, the Phelan Book was originally the property of defendant and a man named Buchanan, and plaintiff never owned more than Buchanan's half interest in it. Plaintiff himself bought the two red books and the four tab books from a wholesale house in St. Louis, and whatever work was put in them to make them abstracts of title to Stoddard county lands, was done by plaintiff. But at the time this work was performed, he and defendant were in partnership in the business of furnishing abstracts of title and, according to defendant's testimony, the books were purchased for the partnership. Plaintiff had his own name printed on the Red books, but defendant swore they were bought by his (defendant's) order, that he had a half interest in them, had several times asked plaintiff what they cost and plaintiff had promised to look up the bill; presumably so defendant could settle his half of it. In addition to this testimony he swore he and plaintiff dissolved partnership in 1904 and he then paid plaintiff for his entire interest in the business, including his interest in all the books in dispute, and covering the sum paid by plain-

tiff for the two "Red Books." The evidence indicates defendant paid plaintiff $332 in one payment and $283 in another; $615 in all, for plaintiff's interest. We find no declarations of law given or refused, and as the evidence is conflicting regarding the title to the books, with substantial testimony in favor of defendant's right, there is nothing for us to do but affirm the judgment. All concur.